IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00381-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIPE VIERA-GUERRERO,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on October 24, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, I have considered the proffer submitted by defense counsel and the arguments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. In addition, I have considered the proffer submitted by defense

counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Illegal Re-entry of a Removed Alien Subsequent to an Aggravated Felony Conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Based upon the Indictment, I find probable cause exists that the defendant committed the charged offense.

Second, I find that the defendant is in the United States illegally. There is an ICE detainer that has been lodged against the defendant. Defendant was born in Mexico and is a citizen of the Republic of Mexico. Defendant does not possess a Colorado driver's license. Defendant was previously deported from the United States to Mexico on January 23, 2009. Defendant has used at least one alias name and at least three alias social security numbers in the past.

Third, I find that the defendant has suffered convictions for DUI ( 3 separate convictions); Delivery of Marijuana (felony); Public Intoxication; Fraud and Misuse of Visas/Permits (felony); Unlawful Use of Schedule II Controlled Substance (felony); DWAI; Driving Without a Driver's License; and Fishing Without a License. Defendant has suffered 2 prior failures to appear and four prior failures to comply all resulting in warrants being issued. Defendant has had his probation revoked on four separate occasions. Defendant has committed new crimes while on probation in the past. There is an active bench warrant for defendant's failure to pay in Lea County Magistrate Court, Hobbs, New Mexico in Case No. M-26-TR-9701844.

Fourth, I find that defendant's employment status and his time in the community is unknown. Further, it is does not appear that defendant has any financial ties to the District of Colorado. Defendant is not contesting detention at this time.

In light of these facts and the defendant's immigration status, I find, by a clear and convincing evidence, that defendant is a both a flight risk and a danger to the community and that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant or the safely of the community. Accordingly, I order that the defendant be detained without bond.

Done this 24th day of October 2017.

        BY THE COURT

        <u>S/ Michael J. Watanabe</u>
        Michael J. Watanabe
        U.S. Magistrate Judge